UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS RAMOND BUYCK,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.

_____/

Case No. 1:15-cv-1339

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition (ECF No. 13). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 18). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner makes essentially two objections, neither of which have merit. First, Petitioner claims that the Magistrate Judge erred in failing to recommend his habeas petition be granted based on his ineffective-assistance-of-counsel claim (Pet'r Obj., ECF No. 18 at PageID.376). As properly noted by the Magistrate Judge, the two prongs of an ineffective assistance of counsel claim are: "(1) that counsel's performance fell below an objective standard of reasonableness, and

(2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome" (ECF No. 13 at PageID.356, citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In support of his objection, Petitioner reiterates his argument that his trial counsel was ineffective in failing to secure two alibi witnesses for trial (Pet'r Obj., ECF No. 18 at PageID.377). Specifically, Petitioner faults his counsel for failing to subpoena the witnesses or ensure they had transportation and, in the event of their absence, produce their affidavits (*id.* at PageID.383-385). However, the Magistrate Judge explained why counsel's failure to subpoena the witnesses was not unreasonable on the facts of this case, where indications were that the witnesses would voluntarily appear (R&R, ECF No. 13 at PageID.357), and Petitioner demonstrates no factual or legal error in the Magistrate Judge's analysis of the first *Strickland* prong. Further, as the Magistrate Judge pointed out on the second *Strickland* prong (*id.* at PageID.358), Petitioner's assertion that he would have been acquitted with the witnesses' testimony is conclusory and speculative. Petitioner's first objection is properly denied.

In his second objection to the Report and Recommendation, Petitioner argues that the Magistrate Judge erred in failing to recommend Petitioner's habeas petition be granted based on the trial court's refusal to reopen the proofs after conviction and allow the testimony of Petitioner's two alibi witnesses (Pet'r Obj., ECF No. 18 at PageID.388; R&R, ECF No. 13 at PageID.350). This objection also lacks merit. The Magistrate Judge properly considered relevant case law and determined that Petitioner failed to show the decision was an unreasonable application of established precedent and that it was harmful to Petitioner. Once again, Petitioner's objection relies solely upon his assessment of what the witnesses' testimony would include and his opinion of the testimony's impact upon the verdict. Petitioner's argument fails to demonstrate any factual

or legal error in the Magistrate Judge's analysis or conclusion. This objection is also properly denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective-assistance-of-counsel and improper-refusal-to-reopen-proofs claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 18) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: November 13, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge